IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ALJAY LOCKETT, JR., # 133930, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:15cv371-MHT |
| | ) | (WO) |
| LEEPOSEY DANIELS, *et al.* | ) | |
| | ) | |
| Respondents. | ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the court on a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 filed by Alabama inmate Aljay Lockett, Jr., on May 28, 2015. Doc. 1.[1] Lockett challenges his 1983 guilty plea convictions in the Montgomery County Circuit Court for three counts of first-degree theft of property. He was originally sentenced under Alabama's Habitual Felony Offender Act ("HFOA") to concurrent mandatory terms of life in prison and has since been resentenced under the HFOA to concurrent non-mandatory terms of life in prison. For the reasons that follow, it is the recommendation of the Magistrate Judge that Lockett's § 2254 petition be denied and this case be dismissed with prejudice.

---

[1] Unless otherwise indicated, document numbers ("Doc.") are those assigned by the clerk of court in this action. Page references are to those assigned by CM/ECF.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Lockett has a lengthy history in state court and in this court battling his convictions and sentence. That history is summarized below to help put his present claims in context.[2]

### 1983 Guilty Plea and Sentencing

On January 13, 1983, Lockett pleaded guilty in the Montgomery County Circuit Court to three counts of first-degree theft of property, in violation of § 13A-8-3, Ala. Code. *See* Doc. 7-1 at 1. The trial court sentenced Lockett under the HFOA in effect at the time to concurrent mandatory terms of life in prison. *Id*. In sentencing Lockett as a habitual felon, the trial court relied on his three prior convictions in Michigan state courts.[3] *Id*. at 4–5. Lockett took no direct appeal from his guilty plea convictions and sentence.

### August 1983 Petition for Writ of Error Coram Nobis

In August 1983, Lockett filed a state petition for writ of error coram nobis in which he alleged, among other things, that (1) his trial counsel was ineffective and coerced him into pleading guilty; (2) the State failed to honor a plea agreement and he should therefore be allowed to withdraw his guilty plea; (3) the State failed to give him notice of its intent

---

[2] Some of information referenced in the summary of Lockett's litigation history in the Alabama courts has been accessed on alacourt.com (https://v2.alacourt.com/). Other aspects of his litigation history in the state courts and in this court have been gleaned from evidentiary materials submitted in this action and from the records in several of Lockett's previous habeas actions in this court, *e.g., Lockett v. Bowen*, CV-84-H-1183-N; *Lockett v. Farrell*, Civil Action No. 2:02cv1106-MEF; and *Lockett v. Mitchem*, Civil Action No. 2:08cv113-MEF.

[3] Under Alabama law, theft of property in the first degree is a Class B felony. *See* § 13A-8-3(c), Ala. Code 1975. At the time of Lockett's 1983 sentencing, Alabama's HFOA required a mandatory life sentence following conviction for a Class B felony when the defendant had three prior felony convictions. *See* former § 13A-5-9(c)(2), Ala. Code 1975. In May 2000, the HFOA was amended to give a trial court the option of sentencing to "imprisonment for life or any term of not less than 20 years" a defendant convicted of a Class B felony when the defendant has three prior felony convictions. Act No. 2000-759, § 1, Ala. Acts 2000 (effective May 25, 2000).

to apply the HFOA to his sentence; and (4) he did not understand his appeal rights. Doc. 7-8 at 39–59. Following a hearing on Lockett's petition (*id*. at 3–35), the state trial court denied the petition (*id.* at 33–35). Lockett appealed, and the Alabama Court of Criminal Appeals affirmed without opinion. *Lockett v. State*, 453 So. 2d 8 (Ala. Crim. App. 1984) (table). *See* Doc. 7-1 at 5.

## Section 2254 Habeas Petitions Filed Between 1984 and 1994

Between 1984 and 1994, Lockett filed four 28 U.S.C. § 2254 petitions with this court challenging his guilty plea convictions and sentence. *See Lockett v. Bowen*, CV-84-H-1183-N; *Lockett v. Nagle*, CV-88-H-618-N; *Lockett v. Jones*, CV-93-H-1245-N; and *Lockett v. Jones*, CV-94-D-348-N. One of those petitions was dismissed without prejudice, and three were dismissed with prejudice. In the first of those petitions, filed in 1984, Lockett argued (1) he was denied the right to withdraw his guilty plea; (2) he was denied effective assistance of counsel; (3) he was the victim of a broken plea bargain; and (4) the state trial court erred in applying the HFOA to his sentence. *Lockett v. Bowen*, CV-84-H-1183-N. This court found Lockett's allegations to be without merit and dismissed his petition with prejudice. *Id*.

## December 1998 Rule 32 Petition

In December 1998, Lockett filed a petition in the state trial court seeking post-conviction relief under Rule 32 of the Alabama Rules of Criminal Procedure. Doc. 7-1 at 5. In the Rule 32 petition, he challenged the validity of his 1983 guilty plea convictions and also argued that the State failed to present sufficient proof that the three Michigan convictions used to sentence him under Alabama's HFOA constituted felonies under

3

Alabama law.[4] *Id*. The trial court summarily denied the Rule 32 petition in January 1999, and on appeal, the Alabama Court of Criminal Appeals affirmed. *Lockett v. State*, 768 So. 2d 1030 (Ala. Crim. App. 1999) (table).

### June 1999 Rule 32 Petition and January 2000 Resentencing

In June 1999, Lockett filed another Rule 32 petition in the state trial court, again challenging his sentence on the ground that the three Michigan convictions the trial court relied on in 1983 to sentence him under the HFOA were not felonies under Alabama law. Doc. 7-1 at 5. This time, the trial court granted Lockett's Rule 32 petition, agreeing that two of the three Michigan convictions should not have been used to sentence him to the mandatory life sentence under the HFOA. *Id*. On January 13, 2000, considering the one Michigan conviction it found to constitute a felony under Alabama law, the trial court resentenced Lockett, this time to a *non-mandatory* life sentence under the HFOA for each first-degree theft conviction, all terms to run concurrently (as they did at Lockett's original sentencing in 1983). *Id*.

### August 2000 Rule 32 Petition

In August 2000, Lockett filed a Rule 32 petition in which he argued, among other things, that the concurrent life sentences imposed at his January 13, 2000 resentencing exceeded the statutory range of punishment and were illegal because, he said, they were

---

[4] When the State seeks to use a defendant's out-of-state felony convictions to enhance his sentence under Alabama's HFOA, the State must prove that the conduct for which the defendant was previously convicted constituted a felony in Alabama when it was committed. *Elston v. State*, 687 So. 2d 1239, 1241–42 (Ala. Crim. App. 1996); Ala.R.Crim.P. 26.6(b)(3)(iv).

4

based on his having three prior felony convictions. Doc. 7-1 at 5–6. The trial court summarily denied this Rule 32 petition. *Id*. at 6.

Lockett appealed, and on February 9, 2001, the Alabama Court of Criminal Appeals affirmed by memorandum opinion. *Lockett v. State*, 821 So.2d 1041 (Ala. Crim. App. 2001) (table). In affirming the trial court, the Alabama Court of Criminal Appeals stated that the record disclosed that, when Lockett was resentenced in January 2000 under Alabama's HFOA to serve concurrent terms of life in prison for each first-degree-theft conviction, the trial court applied only one prior felony conviction from Michigan. *Id*. at 6. The Alabama Court of Criminal Appeals explained that Lockett was convicted of first-degree theft of property, which is a Class B felony under Alabama law. *Id.; see* § 13A-8-3(c), Ala. Code 1975. At the time of Lockett's January 2000 resentencing, Alabama's HFOA, § 13A-5-9(a)(2), Ala. Code 1975, provided that, upon a conviction for a Class B felony, a defendant with one prior felony conviction must be punished for a Class A felony. *Id.* The statutory range of punishment for a Class A felony is imprisonment "for life or not more than 99 years or less than 10 years." *See* § 13A-5-6(a)(1), Ala. Code 1975. The Alabama Court of Criminal Appeals found Lockett's illegal-sentence claim to lack merit, because his concurrent life sentences fell within the statutory range of punishment. *Id*.

### May 2001 Rule 32 Petition

In May 2001, Lockett filed another Rule 32 petition in which he argued that the state trial court should have used none of his Michigan convictions when resentencing him in January 2000 and that, consequently, his sentence was illegal. Doc. 7-1 at 6–7. The trial court summarily denied the petition, finding Lockett's claim to be precluded. *Id*. at 7.

5

Lockett appealed. In an unpublished opinion entered on May 24, 2002, the Alabama Court of Criminal Appeals found that although Lockett's claim was not precluded—because an allegedly illegal sentence may be challenged at any time—the trial court's judgment should be affirmed because Lockett's claim had no merit. *Lockett v. State*, 868 So.2d 484 (Ala. Crim. App. 2002) (table).

### September 2002 § 2254 Habeas Petition

On September 13, 2002, Lockett filed in this court a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging the concurrent life sentences imposed by the state trial court at his January 2000 resentencing.[5] *See Lockett v. Farrell*, Civil Action No. 2:02cv1106-MEF. On February 8, 2005, this court denied Lockett's habeas petition, finding the claims therein to lack merit. *Id.*, Docs. 48, 51 & 52.

### May 2007 Motion Under § 13A-5-9.1, Ala. Code 1975

In May 2007, Lockett filed in the state trial court a motion for reconsideration of his sentence under § 13A-5-9.1, Ala. Code 1975, and *Kirby v. State*, 899 So. 2d 968 (Ala. 2004). On July 3, 2007, the trial court denied Lockett's motion, finding that because his January 2000 life sentences were imposed under § 13A-5-9(a)(2) of the HFOA and were

---

[5] Earlier in 2002, Lockett filed another § 2254 petition, which this court dismissed without prejudice to allow him to exhaust his state court remedies because his appeal regarding the denial of his May 2001 Rule 32 petition was pending in the Alabama appellate courts at the time. *See Lockett v. Culliver*, Civil Action No. 2:02cv243-MHT.

based on his having only one prior felony conviction, he was ineligible for sentence reconsideration under § 13A-5-9.1 and *Kirby*.[6]

## February 2008 § 2254 Habeas Petition

In February 2008, Lockett filed another 28 U.S.C. § 2254 petition in this court, alleging that "the trial court used a void judgment to deny relief under [§] 13A-5-9.1" and that he was being "deni[ed] access to the courts [and] ... [his] right to appeal." *See Lockett v. Mitchem*, Civil Action No. 2:08cv113-MEF, Doc. 1 at 5. Lockett later amended his § 2254 petition, partially clarifying his original claims and also asserting new claims based on alleged infirmities in his January 2000 resentencing. *Id.,* Doc. 5. On November 19, 2009, this court denied Lockett's § 2254 petition, dismissing his challenge to his January 2000 resentencing as successive under 28 U.S.C. § 2244(b) and finding his remaining claims to lack merit. *Id.*, Docs. 19, 20 & 21.

## August 2011 Rule 32 Petition and November 2012 Resentencing

In August 2011, Lockett filed still another Rule 32 petition in the state trial court, this one alleging that the trial court lacked jurisdiction at his January 2000 resentencing because he was denied counsel in that proceeding. Doc. 7-1 at 7; Doc. 10-2 at 3. The trial

---

[6] As clarified by the Alabama Supreme Court in *Kirby*, § 13A-5-9.1, Ala. Code 1975, allows a defendant sentenced before May 25, 2000 (the date on which the 2000 amendment to Alabama's HFOA became effective), and receiving a mandatory sentence of life imprisonment pursuant to former § 13A-5-9(c)(2), or a mandatory sentence of life imprisonment without the possibility of parole pursuant to former § 13A-5-9(c)(3), to apply to the sentencing court for reconsideration of his sentence and resentencing within the bounds of § 13A-5-9(c)(2) or § 13A-5-9(c)(3), as amended, if none of the three prior felonies for which the defendant was convicted (and used to enhance his sentence under the HFOA) were Class A felonies. *See Kirby*, 899 So. 2d at 971–72. In such cases, the sentencing court has the discretion to resentence an eligible defendant either to life imprisonment or any term of not less than 20 years under amended § 13A-5-9(c)(2), or to life imprisonment or life imprisonment without the possibility of parole under amended § 13A-5-9(c)(3).

court summarily dismissed Lockett's Rule 32 petition in January 2012, and Lockett appealed. Doc. 10-2 at 3 & 18. The Alabama Court of Criminal Appeals remanded the case for the trial court to allow Lockett an opportunity to present evidence to support his claim he was denied counsel at his resentencing and to grant whatever relief it deemed necessary. *Id.* at 3.

On remand, the trial court appointed counsel to represent Lockett and scheduled a hearing for November 16, 2012. *Id*. At the November 16, 2012 hearing, the trial court resentenced Lockett, with counsel present, as a habitual offender with one prior felony conviction, to concurrent non-mandatory life sentences for each of his three 1983 convictions for first-degree theft. Doc. 7-4 at 47–53. This was the same sentence the trial court imposed when resentencing Lockett in January 2000. On February 8, 2013, on return to remand, the Alabama Court of Criminal Appeals held that because Lockett had received the relief he requested (counsel at resentencing), Lockett's appeal was moot, and it dismissed his appeal. Doc. 10-2 at 4.

## March 2014 Rule 32 Petition

On March 18, 2014, Lockett once more filed a Rule 32 petition in the state trial court, ostensibly challenging his November 16, 2012 resentencing and claiming he should be allowed to withdraw his 1983 guilty plea on the following grounds:

1. The trial court lacked jurisdiction to accept the 1983 guilty plea under a plea agreement that provided he had three prior Michigan felony convictions.

2. At his November 16, 2012 resentencing, the trial court breached the 1983 plea agreement by "setting aside" two out of three prior

8

> Michigan convictions, which were not felonies under Alabama law, rendering his guilty plea involuntary.
>
> 3. At his November 16, 2012 resentencing, the trial court imposed an illegal sentence that exceeded the 1983 plea agreement.

Doc. 7-5 at 8–15 & 21–28.

On December 2, 2014, the trial court entered an order denying Lockett's Rule 32 petition. Doc. 7-5 at 46. Lockett appealed, and on March 6, 2015, the Alabama Court of Criminal Appeals issued a memorandum opinion affirming the denial of his Rule 32 petition on the ground that his claims lacked merit. Doc. 7-1. Lockett applied for rehearing, which the Alabama Court of Criminal Appeals overruled. Doc. 9. He then exhausted his claims by presenting them in a petition for writ of certiorari, which the Alabama Supreme Court denied. Docs. 11 & 12.

### **Lockett's Instant § 2254 Habeas Petition**

On May 28, 2015, Lockett filed this § 2254 petition pursuing the same claims presented in his March 2014 Rule 32 petition.[7] Doc. 1. The respondents argue that Lockett's § 2254 petition should be dismissed as a successive petition under 28 U.S.C. § 2244(b) because it is at least his third habeas petition challenging his 1983 guilty plea and was filed without his having obtained the required permission from the Eleventh Circuit Court of Appeals. Doc. 7 at 3–5. Alternatively, the respondents argue that Lockett's

---

[7] The court presumes Lockett is pursuing the same claims, because, in the space on the § 2254 petition form for stating his grounds for relief, he does not set out specific claims but instead refers to an attachment comprising copies of his petition for certiorari filed with the Alabama Supreme Court in the proceedings from the denial of the March 2014 Rule 32 petition, the Alabama Court of Criminal Appeals' memorandum opinion affirming the denial of that Rule 32 petition, and the notice of the Alabama Court of Criminal Appeals' overruling his application for rehearing of its decision in the Rule 32 appeal. Doc. 1-1 at 1–20; *see also* Doc. 10 at 2–6.

claims were correctly adjudicated on the merits by the state courts and do not entitle him to federal habeas relief. *Id.* at 5–8.

## II. DISCUSSION

### A. Is Lockett's November 2012 Resentencing a New Judgment for Purposes of Analyzing Successiveness?

Title 28 U.S.C. § 2244(b)(3)(A) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides: "Before a second or successive [habeas corpus] application ... is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." A district court lacks jurisdiction to consider a "second or successive" habeas corpus petition not previously authorized by an appellate court. *Burton v. Stewart*, 549 U.S. 147, 127 (2007) (holding that district court lacked jurisdiction to entertain second habeas petition since prisoner did not obtain order authorizing him to file the petition); *Fugate v. Dep't of Corr.*, 301 F.3d 1287, 1288 (11th Cir. 2002) (same). The parties do not dispute that Lockett did not obtain permission from the Eleventh Circuit to file the present § 2254 petition. Thus, this court has jurisdiction to hear the petition only if it is not considered a "second or successive" application under § 2244(b).

The respondents argue that Lockett's present petition is successive because it is at least his third habeas petition challenging his guilty plea convictions and sentence. Doc. 7 at 3–5. Lockett responds that his present petition is his first challenge to the new judgment stemming from his November 2012 resentencing and, therefore, is not second or successive. *See* Doc. 10.

In *Magwood v. Patterson*, 561 U.S. 320 (2010), the Supreme Court held that, "where ... there is a new judgment intervening between two habeas petitions, an application challenging the resulting new judgment is not second or successive" for purposes of the restrictions on second or successive habeas petitions in 28 U.S.C. § 2244(b) of the AEDPA. 561 U.S. at 341–42 (citation and quotation omitted). In *Magwood*, the state prisoner's second habeas petition challenged only *his new sentence*, and the Supreme Court expressly left open the question of whether a subsequent petition challenging the *undisturbed conviction* would be second or successive after the State imposes only a new sentence. *Id*. at 342.

The Eleventh Circuit decided that question in *Insignares v. Secretary, Florida Department of Corrections*, 755 F.3d 1273 (11th Cir. 2014), holding that, "when a habeas petition is the first to challenge a *new judgment*, it is not 'second or successive,' regardless of whether its claims challenge the sentence or the underlying conviction."[8] 755 F.3d at 1281 (emphasis added). Under the federal habeas statute, a habeas petition may challenge only the state-court judgment "pursuant to" which the petitioner is being held "in custody." 28 U.S.C. § 2254(a). Due to this restriction, the federal habeas statute is "specifically focused on the judgment which holds the petitioner in confinement." *Ferreira v. Sec'y, Dep't of Corr.*, 494 F.3d 1286, 1293 (11th Cir. 2007). Thus, the Eleventh Circuit has explained that "the judgment to which [the federal habeas statute] refers is the underlying

---

[8] The Eleventh Circuit noted, however, that "[w]hile such a petition is not subject to AEDPA's restrictions on 'second or successive' petitions, AEDPA's other limitations still apply," including for instance procedural-default rules and, as to previously decided claims, the law-of-the-case doctrine. 755 F.3d at 1281 n.9.

conviction and most recent sentence that *authorizes the petitioner's current detention.*" *Id*. at 1292 (emphasis added).

For Lockett, while the duration of his sentence of imprisonment—from the time of his original 1983 sentencing to his November 2012 resentencing—has always comprised three concurrent terms of life in prison, the judgment authorizing his current confinement is the sentence entered at his November 2012 resentencing (while represented by counsel), which replaced the previous judgment stemming from his January 2000 resentencing (which replaced the 1983 judgment). This is how the undersigned reads Eleventh Circuit precedent like *Ferreira* and subsequent Eleventh Circuit decisions applying *Insignares* and *Magwood*. *See Thompson v. Florida Dep't of Corr.,* 606 F. App'x 495, 505 (11th Cir. 2015) (finding "new judgment" for purposes of AEDPA's statute of limitations in state court's resentencing of petitioner for three convictions to same terms of imprisonment as in previous sentence, albeit changing two terms from consecutive to concurrent); *Patterson v. Sec'y, Florida Dep't of Corr.*, 849 F.3d 1321, 1326 (11th Cir. 2017) (finding *no* new judgment for purposes of *Magwood* in state court's grant of post-conviction relief removing chemical-castration portion of petitioner's sentence of life imprisonment and chemical castration, because change to petitioner's sentence—removal of chemical castration—did not concern the judgment authorizing his imprisonment, i.e., the life sentence); *Cox v. Sec'y Florida Dep't of Corr.*, 837 F.3d 1114, 1117–18 (11th Cir. 2016) (finding *no* new judgment for *Magwood* purposes where state court dismissed one of three counts of conviction on double jeopardy grounds 15 years after trial, because the petitioner

had received a suspended sentence on the dismissed count and therefore had never been held in custody under that count).

Because the judgment authorizing Lockett's current detention is his November 2012 resentencing, that resentencing constitutes a new judgment for purposes of successiveness, even though the duration of Lockett's sentence of imprisonment comprised three concurrent terms of life in prison both before and after resentencing. The instant § 2254 petition is Lockett's first habeas application challenging the new judgment of November 2012. Consequently, this petition is not "second or successive" under § 2244(b).[9]

**B. Lockett Is Not Entitled to Relief on the Merits of His Claims.**

Under the AEDPA, where a state court has denied a petitioner's habeas claims on the merits, a federal court may grant habeas relief only where the state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or was "based on an unreasonable determination of the facts, in light of the evidence presented in the State court proceeding." 28 U.S.C. §2254(d)(1) & (2); *see Williams v. Taylor*, 529 U.S. 362, 404–05 & 412–13 (2000).

Before this court are Lockett's claims that he should be allowed to withdraw his 1983 guilty plea on the following grounds:

> 1. The trial court lacked jurisdiction to accept the 1983 guilty plea under a plea agreement that provided he had three prior Michigan felony convictions.

---

[9] The respondents concede that if the November 2012 resentencing created a "new judgment," Lockett's § 2254 petition challenging that judgment is timely filed for purposes of the AEDPA's statute of limitations. Doc. 7 at 5–6.

2. At his November 16, 2012 resentencing, the trial court breached the 1983 plea agreement by setting aside two out of three prior Michigan convictions, which were not felonies under Alabama law, rendering his guilty plea involuntary.

3. At his November 16, 2012 resentencing, the trial court imposed an illegal sentence that exceeded the 1983 plea agreement.

Doc. 1; Doc. 10 at 2–6; *see* Doc. 7-5 at 8–15 & 21–28.

Lockett asserted these claims in his Rule 32 petition filed in March 2014. In affirming the state trial court's denial of the Rule 32 petition, the Alabama Court of Criminal Appeals stated:

> All three claims in Lockett's petition are predicated on the existence of a plea agreement. The State in its brief on appeal argues that an examination of the transcript from Lockett's error coram nobis petition, *Lockett v. State* (3 Div. 904), 453 So. 2d 8 (Ala. Crim. App. 1984) (table), discloses that there was not [a] plea agreement.
>
> We have examined the transcript from the hearing conducted on August 25, 1983, for Lockett's error coram nobis petition. After hearing testimony, including Lockett's, page 30 of that record discloses that the trial court, Judge Price, held that there was no "binding agreement between the defendant and the District Attorney's Office at the time he entered his plea of guilty." (Record in 3 Div. 904 at p. 30.) Thus, Lockett's claims are clearly refuted by the transcript. *See McNabb v. State*, 991 So. 2d 313, 320 (Ala. Crim. App. 2007) (holding that "because [McNabb's] claim was clearly refuted by the record, summary denial was proper pursuant to Rule 32.7(d), Ala. R. Crim. P.").
>
> ….
>
> … Because the petitioner's claims were without merit, summary disposition [by the trial court] was appropriate.
>
> For the foregoing reasons, the judgment of the [trial] court is due to be affirmed.

Doc. 7-1 at 10–11. The respondents argue that the Alabama Court of Criminal Appeals' ruling on Lockett's claims did not involve an unreasonable application of clearly established federal law or an unreasonable determination of the facts in light of the evidence presented in state court. Doc. 7 at 5–8.

In the petition for writ of error coram nobis that Lockett filed with the state trial court in August 1983, Locket alleged, among other things, that his trial counsel was ineffective and coerced him into pleading guilty and that he was the victim of a broken plea agreement with the State. *See* Doc. 7-8. Testimony presented at the hearing on that petition[10] indicated that Lockett was originally charged with four separate cases of theft of property in the first degree. *Id*. at 11–12. The district attorney initially made an offer to Lockett's trial counsel to allow Lockett to plead guilty to the four charges and be sentenced to four years on each charge to run concurrently. *Id*. at 12 & 16. Lockett rejected the offer and the case was set for trial. *Id.* at 12 & 17. While awaiting trial, the district attorney learned that Lockett had three prior state convictions in Michigan and would have to be sentenced under the mandatory provisions of Alabama's HFOA. *Id.* at 13. On the day the trial was scheduled to begin, but before trial, the district attorney informed Lockett's counsel, who in turn informed Lockett, of the State's intent to seek sentence enhancement under the the HFOA. *Id.* at 14 & 19. The State offered to nolle pross one of the charges and recommend concurrent sentences on the remaining three cases in exchange for Lockett's guilty plea. *Id.* at 14. The district attorney informed Lockett's counsel, who in

---

[10] Lockett's trial counsel, the prosecuting district attorney, and Lockett testified at the coram nobis hearing.

turn informed Lockett, that if the cases had to be tried, the State would insist on consecutive life sentences. *Id.* at 18–19 & 24. There was no agreement regarding the length of Lockett's sentences, because the mandatory provisions of the HFOA applied. *Id.* at 13 & 20. Lockett agreed to plead guilty before the jury was struck. *Id.* at 13.

In its order denying Lockett's coram nobis petition, the trial court found there was no binding agreement between Lockett and the State when Lockett entered his guilty plea; that the State had not breached the terms of any plea agreement; that even if there had been some sort of agreement between the district attorney and Lockett, the court was not bound to comply with that agreement; and that when Lockett entered his guilty plea, he understood he was subject to a sentence of life in prison under the HFOA. *Id.* at 34–35.

In affirming the denial of Lockett's March 2014 Rule 32 petition (where Lockett raised the issues he pursues in his § 2254 petition), the Alabama Court of Criminal Appeals held that the trial court's finding in the 1983 coram nobis proceeding that no binding plea agreement existed when Lockett entered his guilty plea—coupled with the court's own review of the transcript of the coram nobis hearing—was dispositive of all of Lockett's Rule 32 claims, since "[a]ll three claims in Lockett's [Rule 32] petition are predicated on the existence of a plea agreement," and "the transcript from [the] coram nobis [hearing] discloses that there was no[t] a plea agreement." Doc. 7-1 at 10–11. While the undersigned is less certain than the state courts that no plea agreement existed in Lockett's case— testimony at the coram nobis hearing indicated Lockett pleaded guilty in exchange for an agreement by the State to drop one theft charge and offer concurrent life sentences rather than consecutive life sentences—what is certain is that Lockett fails to show that the State

16

breached the plea agreement; the State fulfilled its side of an agreement to drop one theft charge and offer concurrent life sentences.[11]

Contrary to Lockett's argument, the number of prior convictions used to sentence him under the HFOA was not a term of any plea agreement. Nor can Lockett be heard to argue that he was induced to plead guilty upon a belief he had three prior felony convictions—not just one, as later proved the case—that could be considered in sentencing him under the HFOA. The record reflects that the decisive factor influencing Lockett's decision to plead guilty was the State's agreement to offer concurrent sentences rather than consecutive sentences. Lockett alleges no circumstances that could support a conclusion he placed particular emphasis on the number of prior convictions that could be used to sentence him under the HFOA in deciding whether to plead guilty. He cannot make a persuasive argument—nor does he even allege—that, had he believed only one prior felony conviction could be used to sentence him under the HFOA, he would have opted to go to trial and face four consecutive sentences if convicted rather than plead guilty and receive three concurrent sentences based on the one prior felony conviction. Lockett entered his

---

[11] In June 1985, this court conducted an evidentiary hearing on what was Lockett's first § 2254 petition challenging his 1983 guilty plea convictions and sentence. *See Lockett v. Bowen*, CV-84-H-1183-N. In that petition, Lockett argued, among other things, that he should be allowed to withdraw his guilty plea because he was the victim of a broken plea agreement. The testimony presented at the 1985 evidentiary hearing on Lockett's habeas petition was very similar to the testimony presented at the 1983 coram nobis hearing in the state trial court. Although this court, in denying Lockett's habeas petition, found that a plea agreement existed—i.e., the State's agreement to drop one theft charge and to offer concurrent life sentences rather than consecutive life sentences—the court found that the State fulfilled its side of the agreement. *Id*. (Report and Recommendation of the Magistrate Judge). This court also found that testimony presented at the evidentiary hearing and exhibits made a part of the court record "clearly demonstrate[d] that petitioner's plea of guilty complie[d] with the guidelines established in *Boykin v. Alabama*, [395 U.S. 238 (1969)]," which held that for a guilty plea to be considered knowing and voluntary, the record must affirmatively show the voluntaries. *Id*.

guilty plea to avoid multiple consecutive sentences, not to avoid application of the HFOA (whether with one prior felony or three), which was mandatory whether he was convicted at trial or under a guilty plea.

> The rule that a plea must be intelligently made to be valid does not require that a plea be vulnerable to attack if the defendant did not correctly assess every relevant factor entering into his decision. A defendant is not entitled to withdraw his plea merely because he discovers long after the plea has been accepted that his calculus misapprehended the quality of the State's case or the likely penalties attached to alternative courses of action. More particularly, absent misrepresentation or other impermissible conduct by state agents ... a voluntary plea of guilty intelligently made in the light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise.

*Brady v. United States*, 397 U.S. 742, 757 (1970).

The record establishes that there is no merit to Lockett's claim that the trial court lacked jurisdiction to accept his 1983 guilty plea. Lockett demonstrates no irregularity or defect in the integrity in the 1983 guilty plea proceeding. Nor did the trial court, at Lockett's November 2012 resentencing, breach the 1983 plea agreement or render Lockett's guilty plea involuntary by "setting aside" two of Lockett's prior Michigan convictions. As noted above, the number of prior convictions used to sentence Lockett under the HFOA was not a plea agreement term, and Lockett does not demonstrate—or even allege—that he would not have agreed to plead guilty had he known only one prior felony conviction could be used to sentence him to what would have been four consecutive sentences under the HFOA. Finally, at the November 2012 resentencing, the trial court did not, as Lockett claims, impose an illegal sentence that "exceeded" the 1983 plea agreement.

The sentence imposed at the November 2012 resentencing was not illegal and, in fact, was the same sentence imposed when Lockett pleaded guilty in 1983 and again in January 2000.

Failing to demonstrate a deprivation of his constitutional rights, Lockett is entitled to no relief on the claims in his § 2254 petition.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2254 petition be denied and that this case be dismissed with prejudice.

It is further

ORDERED that the parties shall file any objections to this Recommendation or before June 8, 2017. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 23rd day of May, 2017.

                              /s/Terry F. Moorer
                              TERRY F. MOORER
                              United States Magistrate Judge